1
2
3
4
5
6
7

8                            UNITED STATES DISTRICT COURT
9                            EASTERN DISTRICT OF CALIFORNIA
10

| 11 | RUDY JIMENEZ, | Case No. 1:19-cv-01780-DAD-SKO (PC) |
|---|---|---|
| 12 | Plaintiff, | |
| 13 | v. | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| 14 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS, et al., | (Doc. 13) |
| 15 | | 21-DAY DEADLINE |
| 16 | Defendants. | |

17    Plaintiff Rudy Jimenez alleges that he is unlawfully incarcerated. (*See* Doc. 13.)  As

18 discussed below, Plaintiff's claims are barred by the favorable termination rule of *Heck v.*

19 *Humphrey*, 512 U.S. 477, 487 (1994).  When, as here, a plaintiff seeks damages on the grounds

20 that he is unlawfully confined, he may not pursue claims under section 1983 until his "sentence

21 has been declared invalid … or called into question by a … court's issuance of a writ of habeas

22 corpus." *Heck*, 512 U.S. at 487.

23    Given that Plaintiff's claims are *Heck* barred, and that Plaintiff received a prior

24 opportunity to amend (*see* Doc. 8), the Court finds that further amendment would be futile. *See*

25 *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court recommends that

26 this case be dismissed.

27 ///

28 ///

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's alleges that he is being unlawfully confined past his release date. (*See* Doc. 1 at 3-5.) Plaintiff has been incarcerated for 24 years. (*Id.* at 3.) He alleges that he was convicted of and sentenced for vandalism with a "gang enhancement." (*Id.*) Plaintiff alleges that, once he arrived at Wasco State Prison, prison officials had "different paperwork on [him] with different charges," including sex offenses with a sentence of 30 years to life. (*Id.*) In September 2019, Plaintiff filed a "petition for vacating of murder conviction and resentencing" in Kings County Superior Court, pursuant to California Penal Code section 1170.95. (*See id.* at 7.) In its order denying the petition, the Superior Court stated that Plaintiff was convicted of two counts of vandalism and one count of a gang enhancement in Case No. 96CM7648-002; thus, Penal Code 1170.95 did not apply to this case. (*Id.*) Plaintiff states that "the truth was finally revealed to [him] by the judge … the truth of [his] charges." (*Id.* at 5.) Plaintiff alleges that CDCR is responsible for "changing [his] charges into worse ones." (*Id.*)

In his first amended complaint, Plaintiff alleges that, during his arrest and interrogation, police officers denied him due process by failing to present a warrant and read him his *Miranda* rights. (Doc. 13 at 2, 3.) He alleges that the deputy district attorney assigned to his case committed prosecutorial misconduct by not presenting exculpatory evidence or calling an expert on DNA evidence to testify, and instead relying on hearsay. (*Id.*) Plaintiff requests that the Court "dismiss and strike the allegation section 1385 for insufficient evidence." (*Id.* at 3.)

In addition to suing a probation officer, a deputy clerk, the Kings County District

Attorney's Office, and a Kings County Superior Court judge, Plaintiff sues a correctional counselor and analyst, presumably at California Correctional Institution, where Plaintiff is currently incarcerated. (Doc. 13 at 1, 2.) The claims against the prison officials are unclear; Plaintiff states the following: "When you put a request of your Privacy Act information to Ms. Baker, she will refer[] to the counselor, then … the counselor will point finger to the BOP Sacramento main office or the court." (*Id.* at 5.)

## III.    DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, a prisoner may not challenge the fact or duration of his confinement in a section 1983 action. *Id.* at 489. Additionally, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, … a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff alleges that he is unlawfully incarcerated, and he requests declaratory and injunctive relief and $75 million in damages. (*See* Doc. 13 at 6-7.) It is unclear whether Plaintiff bases the alleged illegality of his incarceration on (a) improprieties by the district attorney and state court or (b) improprieties by prison officials. (*See id.* at 2-5; *see also* Doc. 1 at 3-5.) In either case, Plaintiff's claims are barred. Plaintiff may not seek release from custody in a section 1983 action; he may only seek release in federal court by filing a petition for *habeas corpus*.[1] *Preiser*, 411 U.S. at 500. Additionally, Plaintiff may not seek damages under section 1983 unless his conviction or sentence has been declared invalid by a state court or a federal court's issuance of a writ of *habeas corpus*. *See Heck*, 512 U.S. at 486-87.

---

[1] The Court informs Plaintiff that he may not file a petition for *habeas corpus* in federal court unless and until he has exhausted his remedies in state court. *See Heck*, 512 U.S. at 480-81; 28 U.S.C. § 2254(b).

### IV.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Plaintiff's first amended complaint (Doc. 13) fails to state a claim on which relief can be granted. Given that Plaintiff's claims are barred by *Heck*, and that Plaintiff received a prior opportunity to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 15, 2020**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE